OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiffs-appellants Robert and Lorraine Zavagno appeal from the trial courts summary judgment entered in favor of defendant-appellee Fritz Enterprises, Inc. on plaintiffs' claim that defendant negligently supplied sulfur contaminated slag which was used as backfill and caused corrosion in a water line leading to plaintiffs' home. Plaintiffs' claim disputed issues of material fact precluded summary judgment. We find no error and affirm.
During 1988 and 1989, plaintiffs contracted with a general contractor, Di Benedetto Co., for the construction of a new home. Di Benedetto in turn contracted with various subcontractors to assist in the construction. One of the subcontractors, Loeser Excavating Company, apparently used blast furnace slag as backfill during the construction of an outside copper water line. Defendant Fritz supplied the slag to one of Loeser's vendors. This slag was placed over the copper line, and over the course of the following years, the sulfur within the slag corroded the line causing it to fail.
It is undisputed that Fritz did not perform any construction or installation work on the project. However, plaintiffs' claim that Fritz negligently supplied defective slag for use in the construction of their home. In support of their allegation that the slag was "negligently contaminated," plaintiffs produced the expert report of John Puskar. Puskar did not opine that the slag itself was somehow "contaminated" with sulfur. Rather, he criticized the "improper use" of the slag, stating as follows:
 In my opinion, the water line failure occurred due directly to the improper use of the sulfur bearing slag materials.
 Generally-accepted good practices are to bed copper water piping in sand. Then, a covering of sand or other loose granular material is typically applied. The size and nature of the materials used in this case were contrary to generally accepted good practices and couldn't have lead to anything but a premature failure.
On January 9, 1998, defendant Fritz filed its motion for summary judgment on the grounds that the slag was not negligently contaminated with sulfur and that one of the subcontractors improperly used the slag in the construction of plaintiffs' home. Subsequently, on May 8, 1998, the trial court granted defendant Fritz's motion for summary judgment without an opinion. This appeal followed.
Plaintiff's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE's MOTION FOR SUMMARY JUDGMENT.
Plaintiffs' appellate brief consists solely of a discussion of the standards for summary judgment. It contains no discussion or exposition of how or why the trial court erred in granting summary judgment.
It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal. Pennant Moldings,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251. App.R. 16(A)(7) provides that an appellants brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Furthermore, App.R. 16(A)(3) requires an appellant to reference the court to the place in the record where each alleged error is reflected. It is not the duty of the reviewing court to search the record for evidence to support an appellants argument as to alleged error.
App.R. 12(A)(2) permits the reviewing court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16 (A)." Even though this rule allows an appellate court discretion in deciding to address an issue not briefed, the court must base any factual findings or conclusions upon evidence that exists in the record. C. MillerChevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, 301, citing Paulin v. Midland Mut. Life Ins. Co. (1974), 37 Ohio St.2d 109.
In the present case, plaintiffs have failed to identify in the record or argue the error on which their assignment of error is based. Plaintiffs' merely state that the trial court erred in granting summary judgment. The body of plaintiffs' brief which is to be used for argument consists solely of references to the general standards for summary judgment. Plaintiffs fail to identify the place in the record where alleged error is reflected as required under App.R. 16(A)(3). They also fail to cite to the parts of the record on which they rely as required under App.R. 16(A)(7). Plaintiffs' general statements about the summary judgment standard in this negligence case are of little benefit when they are not accompanied with a discussion of how the trial court "allegedly strayed from applying the correct standard when it granted summary judgment in this case.
Even assuming arguendo that we can read between the lines of plaintiffs' brief, we find no merit to this appeal.
Under Civ.R. 56 (C), summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-59.
However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108. 111; Celotex,supra, at 322-323. In accordance with Civ.R. 56 (E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc. (1993),90 Ohio App.3d 421, 424.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio modified the summary judgment standard as was applied under Wing. Presently, under the new standard, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the nonmoving party's claim." Dresher,supra, at 296.
This Court reviews the lower courts granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711 ("We review the judgment independently and without deference to the trial courts determination"). An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56 (C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
Plaintiffs allege in their complaint that Fritz "supplied slag which was negligently contaminated with sulfur" for backfill during the construction of their home. However, plaintiffs have put forth no evidence to support their assertion that the slag was contaminated. In fact, the unrebutted evidence establishes that the presence of sulfur in blast furnace slag is not "contamination" as plaintiffs assert. Raymond J. Fritz, Senior Vice President of Fritz Enterprises, Inc., expressly stated in his affidavit that sulfur is present in the normal composition of blast furnace slag. Plaintiffs expert, John Puskar, provided no testimony regarding sulfur contamination or the composition of blast furnace slag but stated that "the water line failure occurred due to the improper use of sulfur bearing slag materials." Mr. Puskar further stated that the materials used in this case were contrary to generally accepted good practices and could not have lead to anything but a premature failure.
It is evident from the testimony of plaintiffs' own expert that the cause of the pipe failure was not the actual composition of the slag materials, but their improper use in this case. It is undisputed that defendant Fritz did not participate in the installation of the piping or the selection of the materials to be used in that installation. Fritz merely supplied the slag to Loeser, one of the subcontractors. In fact, blast furnace slag was the only type of slag marketed and sold by Fritz. There was also no evidence that Fritz had any knowledge of Loeser's intended use of the slag.
The evidence presented establishes that sulfur is an element normally found in blast furnace slag. Plaintiffs have put forth no evidence to the contrary. Even construing the evidence in a light most favorable to plaintiffs, reasonable minds could come to but one conclusion, that the blast furnace slag supplied by Fritz was not "negligently contaminated" with sulfur.
Accordingly, no genuine issue of material fact exists and defendant was entitled to judgment as a matter of law. We find no error in the award of summary judgment for defendant Fritz.
Plaintiffs' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J.
TERRENCE O'DONNELL, J.
PATRICIA ANN BLACKMON, J.