Defendant-appellant, Robert W. Russell, appeals from the trial court decision charging his membership interest in P.E. Capital, Ltd., a limited liability company of which appellant is a fifty percent member. For the reasons that follow, we affirm.
The record reflects that on August 22, 1997, plaintiffs-appellees, Banc One Capital Partners, LLC ("BOCP") and Gerald Beck filed a complaint for creditors' bill and preliminary injunction or, alternatively, motion for charging order, against appellant, his wife; Wendy Russell, and P.E. Capital, Ltd..
At the time the lawsuit was initiated, Beck and appellant each had a fifty percent membership interest in P.E. Capital, Ltd. P.E. Capital leased a building at 4259 East 49th St., Cuyahoga Heights, Ohio from B-K-N Corporation, the owner of the property. In turn, P.E. Capital subleased the property to a company called P.E. Technologies, of which Beck was the president. BOCP, a licensed small business investment firm, was an investor in P.E. Technologies.
Appellees' complaint alleged that they had outstanding judgments of more than a quarter of a million dollars against Robert and Wendy Russell and that because they could not obtain satisfaction of the judgments from either real or personal property owned by the Russells, the only feasible way to satisfy appellees' judgments was to attach or charge Robert Russell's fifty percent membership interest in P.E. Capital.[1]
The complaint further alleged that the only asset owned by P.E. Capital, Ltd. was an option to purchase the property that it leased from B-K-N. The option was of value because it afforded P.E. Capital an opportunity to purchase the property at a potential discount. Specifically, the option provided that the purchase price of the property would be reduced in an amount equal to prior rent payments made by P.E. Capital.
For purposes of their complaint, appellees estimated that the value of the option was $500,000. This valuation was based on a letter dated July 31, 1997 from appellant's counsel to Beck, attached to appellees' complaint, in which appellant estimated the value of the option to be $500,000. Appellant's interest in the option, therefore, was $250,000. Appellees' complaint alleged that the option would expire on September 22, 1997 and accordingly, appellees requested an expedited ruling on their motions.
The trial court held a hearing on appellees' motion for preliminary injunction on September 11, 1997. On September 12, 1997, the court entered an order finding that appellees' "judgments are in full force and effect and wholly unsatisfied." The court ordered that appellant's "membership interest in PE Capital shall be charged and transferred to [appellees] in full satisfaction' of [appellees'] outstanding judgments." The court also ordered that appellees were to complete an independent appraisal of the property purchased through the exercise of the option.
Apparently, appellees then attempted to exercise the option to purchase the property from B-K-N Corporation, the owner and lessor of the property. B-K-N disputed whether appellees had properly exercised the option, however, and accordingly, on October 6, 1997, P.E. Capital filed a complaint for specific performance against B-K-N in Cuyahoga County Common Pleas Court. The case was captioned P.E. Capital, Ltd. V. B-K-N Corporation,
Case No. 341553, and assigned to another common pleas court judge. Appellant was not named as a party to this action. On October 31, 1997, appellant filed a motion to consolidate the two cases, arguing that the cases should be consolidated in order to ensure that his interest in the option to acquire the property, as well as his financial interest in the property acquired, would be protected. On January 13, 1998, the trial court denied appellant's motion.
The record reflects that the trial court held several status conferences regarding this case between December, 1997 and February, 1998. On February 5, 1998, the trial court entered the following order dismissing the case:
 Final. Status conference conducted 2-3-98. Counsel for all parties present. Court has been advised and documentation provided to support valuation of defendant Russell's interest, plaintiffs' judgment (sic) against defendant Russell is (sic) hereby satisfied.
Appellant timely appealed, assigning seven assignments of error for our review:
 I. THE TRIAL COURT ERRED IN DECIDING THAT THE VALUE OF THE PROPERTY AT ISSUE DID NOT EXCEED THE PLAINTIFFS' JUDGMENT AMOUNTS AND EFFECTIVELY DEPRIVED DEFENDANT ROBERT RUSSELL OF HIS LLC MEMBERSHIP INTEREST IN THE PROPERTY THAT EXCEEDED THE AMOUNT REPRESENTING FULL SATISFACTION OF THE JUDGMENTS IN VIOLATION OF OHIO REVISED CODE § 1705.19.
 II. THE TRIAL COURT ERRED IN ISSUING A PRELIMINARY INJUNCTION ORDERING THAT DEFENDANT ROBERT RUSSELL'S LLC MEMBERSHIP INTEREST BE TRANSFERRED TO PLAINTIFFS AS OHIO REVISED CODE § 1705.19 ONLY ALLOW FOR THE CHARGING OF A MEMBERSHIP INTEREST WITH PAYMENT OF THE UNSATISFIED AMOUNT OF THE JUDGMENT.
 III. THE TRIAL COURT ERRED IN DECIDING SUA SPONTE AT A FEBRUARY 3, 1998 STATUS CONFERENCE AND WITHOUT A HEARING THAT PLAINTIFFS' JUDGMENTS AGAINST DEFENDANT ROBERT RUSSELL WERE SATISFIED AND THAT THE VALUE OF THE PROPERTY AT ISSUE DID NOT EXCEED THE JUDGMENT AMOUNTS.
 IV. THE TRIAL COURT ERRED IN DETERNINING THAT THE VALUE OF THE PROPERTY AT ISSUE DID NOT EXCEED THE JUDGMENTS HELD BY PLAINTIFFS BY BASING ITS DECISION ON A SELF-SERVING VALUATION SERVED ON DEFENDANTS' LEGAL COUNSEL AT 5:14 P.M. THE DAY BEFORE THE 2/3/98 STATUS CONFERENCE THAT HAD BEEN PERFORMED AT PLAINTIFFS' REQUEST AND WITHOUT DEFENDANT'S KNOWLEDGE.
 V. THE TRIAL COURT ERRED IN DETERMINING THAT THE VALUE OF THE PROPERTY AT ISSUE DID NOT EXCEED THE JUDGMENTS HELD BY NOT ALLOWING THE DEFENDANT THE OPPORTUNITY TO REBUT OR RESPOND TO THE PROPERTY VALUATION.
 VI. THE TRIAL COURT ERRED IN ENTERING FINAL JUDGMENT IN THIS MATTER BEFORE ALLOWING DEFENDANT ROBERT RUSSELL THE OPPORTUNITY TO ENGAGE IN ANY DISCOVERY REGARDING THE PROPERTY VALUATION AND WASTE BY THE PLAINTIFFS FOR DISPOSING OF PROPERTY FOR A PRICE SUBSTANTIALLY LESS THAN THE TRUE VALUE OF THE PROPERTY.
 VII. THE TRIAL COURT ERRED IN ENTERING FINAL JUDGMENT IN THIS MATTER BEFORE ALLOWING DEFENDANT ROBERT RUSSELL THE OPPORTUNITY TO INITIATE A COUNTERCLAIM AGAINST PLAINTIFFS BASED ON WASTE.
As an initial matter, we address appellees' motion to dismiss appellant's appeal. Appellees contend that the issues raised by appellant are moot and, therefore, appellant's appeal should be dismissed.
Appellees assert that after the trial court issued its order charging and transferring appellant's interest to them, they served notice of their intent to exercise the option on B-K-N on September 17, 1997. When B-K-N refused to concede that the option had been exercised timely and in full compliance with the terms of the lease, appellees sued B-K-N for specific performance in Cuyahoga County Common Pleas Case No. 341553. Appellees assert that the parties to this lawsuit ultimately reached a settlement whereby the property was sold to P.E. Capital for $1.4 million, and without any credit for past rent payments. Consequently, appellees contend, appellant's membership interest in P.E. Capital and his resulting interest in the option proved to be of little or no value to appellees, as they had to purchase the property at a price that exceeded the option price by nearly $300,000. Moreover, appellees argue, because the option expired without having been effectually exercised, this court, which cannot turn back time to revive the expired option, cannot change appellant's condition with respect to the option. Accordingly, appellees contend that appellant's assignments of error, which arise in connection with his interest in the option, are moot.
The record, however, is devoid of any reference to what appellees paid to purchase the property. The settlement agreement in the B-K-N lawsuit, attached to appellees' brief, was not filed with the trial court in this case and, consequently, is not part of the record on appeal. Likewise, the appraisal of the property, also attached to appellees' brief, was not filed with the trial court and is not part of the record on appeal.[2] The court of appeals is bound by the record before it and may not consider facts extraneous thereto. Paulin v. Midland Mutual Life (1974),37 Ohio St.2d 109, 112. Accordingly, we cannot determine if the option was effectually exercised or whether it ultimately proved worthless. Appellees' motion to dismiss is, therefore, denied.
Appellees also contend, however, that appellant is barred from seeking relief on appeal that he failed to seek in the trial court. We find this argument persuasive with respect to appellant's sixth and seventh assignments of error.
In his sixth assignment of error, appellant asserts that the trial court erred in entering final judgment in this matter before allowing him an opportunity to conduct discovery regarding the market value of the property and the transfer of the property to a third party by appellees. In his seventh assignment of error, appellant contends that the trial court erred in entering final judgment before allowing him an opportunity to file a counterclaim against appellees for waste. Appellant asks this court to reverse the trial court's sua sponte dismissal of the case and remand the case to the trial court so that he can conduct discovery regarding the property valuation and file any counterclaims, cross-claims or third-party claims arising out of appellees' exercise of the option or the transfer of the property.
Appellees correctly note that there is nothing in the record to demonstrate that in the six months this case was pending in the trial court, appellant ever sought any discovery from appellees, much less an opportunity to file any counterclaims, cross-claims or third-party claims. An appeals court need "not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210, citing State v.Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus. Consequently, appellant's failure to seek relief at the trial court level bars him from seeking such relief on appeal. Appellant's sixth and seventh assignments of error are, therefore, overruled.
Appellant's first, third, fourth and fifth assignments of error are interrelated and, accordingly, we consider them together. In his first assignment of error, appellant contends that the trial court erred in determining that the value of the property at issue did not exceed the amount of the judgments held by appellees against appellant. In his fourth assignment of error, appellant contends that the trial court erred in reaching this determination by basing its decision on a "self-serving valuation" performed by Ostendorf-Morris at appellees' request and served on appellant's counsel the day before the February 3, 1998 status conference. In his third and fifth assignments of error, appellant contends that the trial court erred in not allowing him an opportunity to respond to this valuation, but rather, sua sponte dismissing the case without a hearing.
The record certified to this court is an App.R. 9 (A) record and contains the original papers and a certified copy of the journal entries. Appellant has not provided a transcript of the preliminary hearing conducted by the trial court on September 11, 1997. Moreover, other than the trial court's journal entry dated February 5, 1998, stating that the "court has been advised and documentation provided to support valuation of defendant Russell's interest," there is nothing in the record to indicate what the trial court relied upon in reaching its determination regarding the valuation of the property. Furthermore, there is nothing in the record to indicate that appellant asked for an opportunity to rebut the valuation or for a hearing.
Absent a transcript of the proceedings or its alternatives, a court will presume regularity and the validity of judgment of the trial court. City of Shaker Heights v. Allen (May 16, 1996), Cuyahoga App. No. 69112, unreported, citing Ostrander v.Parker-Fallis Insulation (1972), 29 Ohio St.2d 72, 74. Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. State v. Wolfe (Oct. 23, 1986), Cuyahoga App. No. 51124, unreported; Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436. In the absence of an adequate record, which is the appellant's responsibility, the court of appeals is unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, syllabus.
Because we do not have an adequate record upon which to consider appellant's assignments of errors, we must presume regularity in the trial court's proceedings and affirm its decision. Appellant's first, third, fourth and fifth assignments of error are, therefore, overruled.
In his second assignment of error, appellant contends that the trial court erred in charging and transferring his interest in P.E. Capital, Ltd. to appellees because R.C. 1705.19 only allows the trial court to charge a member's interest.
Pursuant to R.C. 1705.19, a judgment creditor of a member of a limited liability company may apply to a court of common pleas to charge the membership interest of the member with payment of the unsatisfied amount of the judgment. A membership interest is defined by R.C. 1705.01 (H) as a "member's share of the profits and losses of a limited liability company and the right to receive distributions from that company." It does not include the member's right to manage the limited liability company ("governance rights"). R.C. 1705.01 (H), 1705.18, 1705.20. Thus, a judgment creditor who has obtained a charging order against a member's interest in a limited liability company garnishes the financial rights that attach to the interest.
Appellant contends that in this case the trial court erred because in addition to merely charging his membership interest in P.E. Capital, Ltd., the trial court also transferred his governance rights and the option itself to appellees. Appellant argues that a member of a limited liability company does not have a vested interest in property owned and held by the limited liability company. R.C. 1705.03. Thus, appellant contends that because he did not have a direct interest in the option held by P.E. Capital, Ltd., the trial court erred when it transferred the option to appellees because it seized property of a limited liability company and made it available to satisfy the personal debts of a limited liability company member.
We find no indication that the trial court transferred the option itself to appellees. First, the trial court order dated September 12, 1998 granting appellees' motion for a charging order expressly states that appellant's "membership interest" in P.E. Capital, Ltd. "shall be charged and transferred" to appellees. The order does not transfer, or even reference, the option.
Moreover, appellant did, in fact, have a financial interest in the option. According to the letter dated July 31, 1997 from appellant's counsel to appellee Beck, the value of the option was $500,000. Therefore, the option was worth $250,000 to appellant.
R.C. 1705.19 provides that to the extent the membership interest is charged, "the judgment creditor has the rights of an assignee of the membership interest." An assignment entitles the assignee "to receive "* * * the distributions of cash and other property and the allocations of profits, losses, income, gains, deductions, credits or similar items to which the assignee's assignor would have been entitled." R.C. 1705.18. Accordingly, appellees were entitled to receive what appellant would have been entitled to: a fifty percent interest in the option.
Appellant also argues that the trial court effectively transferred his governance rights to appellees when it "charged and transferred" his membership interest in P.E. Capital, Ltd. Appellant contends that because there is nothing in the record to indicate that he was going to receive a distribution on the option or that there was a profit or loss on the option, appellees improperly attached the option and then procured appellant's governance rights to dispose of the asset.
There is no indication that the trial court improperly transferred appellant's governance rights to appellees. The trial court order granting appellees' request for a charging order specifically states, "[Appellees] will have the financial rights of membership interest to the extent of the outstanding judgments." (Emphasis added). Thus, the order makes it clear that the court charged only appellant's membership interest.
Moreover, appellees were able to exercise the option without appellant's governance rights. R.C. 1705.25 (A) (1) provides that where the management of a limited liability company is reserved to its members:
 Every member is an agent of the company for the purpose of its business, and the act of every member * * * for carrying on in the usual way the business of the company binds the company * * *.
Thus, since any member can act on behalf of the limited liability company, appellee Beck, who is a fifty percent member of P.E. Capital, Ltd., could exercise the option on behalf of P.E. Capital, Ltd.
Therefore, although the trial court order dated September 12, 1997 incorrectly states that appellant's membership interest in P.E. Capital, Ltd. is charged "and transferred" to appellees, we conclude that the effect of the trial court's order was simply to charge appellant's membership interest to the extent of judgments owed to appellees.
Accordingly, appellant's second assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J. and MICHAEL J. CORRIGAN, J, CONCUR.
 __________________________________ TIMOTHY E. McMONAGUE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A)(1).
[1] BOCP, by virtue of a written assignment, held a judgment against the Russells in the amount of $175,291.75, plus attorney's fees in the amount of $4,500, and statutory interest. Beck held a judgment against Robert Russell in the amount of $71,000, plus costs and statutory interest. Thus, the combined judgments totaled $250,791.75, exclusive of interest and costs.
[2] In an apparent attempt to influence this court, appellees also attached to their appellate brief a list of civil suits filed in Cuyahoga County against Robert and Wendy Russell and a list of judgment liens against the Russells. Neither list is part of the trial court record. Introducing matters not in the record is improper and, accordingly, we did not consider either list in reaching our decision.