Paulin, Appellee, *v.* The Midland Mutual Life Ins. Co., Appellant.

[Cite as Paulin v. Midland Mutl. Life Ins. Co. (1974), 37 Ohio St. 2d 109.]

(No. 73-425—Decided February 27, 1974.)

112

*Mr. Theodore R. Cubbison,* for appellee.

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. Bartley Arnold,* for appellant.

*Per Curiam.* To support its reliance upon the "recurrent disabilities" provision of the policy, the Court of Appeals found it necessary, in effect, to make two additional findings of fact: (1) That appellee suffered periods of total disability prior to June 16, 1969; and (2) that such prior periods of disability occurred at least through December 16, 1968. Neither of those findings contradicts the pertinent finding of the trial court that:

"5. On or about June 16, 1969, plaintiff became totally disabled, said disability being caused by an injury sustained by plaintiff on May 7, 1968."

However, the power of a reviewing court to base its judgment upon independent factual conclusions, so long as they do not contradict those determined by the trial court, is circumscribed by the rule that the Court of Appeals is bound by the record before it and may not consider facts extraneous thereto.

In the case at bar, we find no evidence in the record which supports the conclusion of the Court of Appeals that appellee was totally disabled at any time during the six months immediately preceding June 16, 1969,* a necessary prerequisite to recovery under the "recurrent disabilities" provision of the policy in the circumstances of this case. Therefore, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*Although appellee was absent from work on December 23, 1968, to consult a physician, mere absence from work does not constitute total disability under the terms of the policy.