BANK ONE LIMA, N.A., F.K.A. United National Bank, Appellee,

v.

ALTENBURGER et al.; Callow, Appellant; Kennedy, Appellee.

[Cite as *Bank One Lima, N.A. v. Altenburger* (1992), 84 Ohio App.3d 250.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–92–6.

Decided Dec. 15, 1992.

*Gooding, Huffman, Kelley & Becker* and *Stephen L. Becker,* for plaintiff-appellee Bank One Lima, N.A.

*Charles F. Kennedy III,* for defendant Lloyd Basil, Treasurer.

*Cole Co., L.P.A., James W. Childs* and *Mark H. Ludwig,* for defendant/third-party appellant Alycia M. Callow.

*Cory, Meredith, Witter, Roush & Cheney* and *David A. Cheney,* for third-party appellee Charles F. Kennedy III.

THOMAS F. BRYANT, Judge.

This is an appeal by defendant, counter-claimant and third-party plaintiff Alycia M. Callow from the judgment of the Common Pleas Court of Van Wert County disqualifying and removing her attorney as her counsel in further proceedings to be had in the case.

The briefs of counsel and the record before us in this appeal reveal that the action in which these proceedings arise was brought by a bank for foreclosure of a real estate mortgage secured by property in which Callow claims an interest. Callow, represented by counsel, counterclaimed against the bank and filed her third-party complaint against the attorney who prepared the mortgage documents and handled closing of the loan underlying the mortgage the bank now seeks to foreclose.

As claimed by Callow, she and defendant Gary L. Altenburger had been married to each other, but were divorced by decree incorporating a written agreement in settlement between them providing for sale and division between them of the proceeds of sale of all their property interests. To facilitate sale, Callow delivered to Altenburger her power of attorney permitting him to act in

her name respecting their real property. Callow claims this power of attorney was used by Altenburger, without her knowledge or authority, to mortgage some or all of the property included in the divorce settlement agreement and to divert the loan proceeds to his own use with the assistance and participation of the bank's closing attorney. The latter claim forms the basis of the third-party complaint. Denying the participation in wrongdoing alleged, the third-party defendant moved for summary judgment dismissing the claims against him.

As an addendum to his brief filed in the trial court in opposition to the third-party defendant's motion for summary judgment, Callow's attorney attached his own affidavit attesting that the three documents attached to the affidavit were received by him, as counsel, from the movant's counsel in response to a document discovery request. The affidavit of counsel further identified by name certain persons retained by appellant to testify in the cause as expert witnesses, reciting that the disclosure of names was made pursuant to court order.[1] In the text of the brief of counsel contra motion for summary judgment, the author referred to, interpreted, characterized and drew argumentative inferences from the docu-

---

1. Omitting the caption, jurat and exhibits, the affidavit of counsel otherwise in its entirety as filed is:

"STATE OF OHIO          )
"COUNTY OF VAN WERT)ss.
"I JAMES W. CHILDS, being first duly sworn on his oath deposes and says of his own personal knowledge as follows:
"(a) I am an attorney at law duly licensed in the State of Ohio with my office at 12930 Williamsburg Ave., NW, Uniontown, Ohio 44685–8230;
"(b) That I am attorney of record for Alycia M. Callow formerly Alycia M. DeCamp and Alycia M. Altenburger who are all one and the same person;
"(c) That I served requests for the production of documents on Plaintiff and Counterclaim defendant as provided in the Ohio Rules of Civil Procedure;
"(d) That Counsel for Plaintiff and Counterclaim defendant provided Exhibits 'A', 'B', & 'C' attached hereto to Affiant as part of his response to discovery;
"(e) Affiant has no reason to dis believe [*sic*] the truth and veracity of Exhibits 'A', 'B', & 'C' so provided by an adverse party;
"(f) Affiant incorporates by reference Exhibits 'A', 'B', & 'C' hereto attached and made a part hereof the same as if fully written out herein;
"(g) That this court has ordered Affiant to provide the names of expert witnesses to all parties of record;
"(h) That Affiant has been recuperating from open heart surgery at a location 900 miles distant from his office since before said order and did not return to his office until February 3, 1992 and that thereafter he employed Hon. Perry G. Wise Esq., 215 N. Market St., Van Wert, Ohio 45891 and Dean Stanley A. Samad, JSD, 633 Mardon Ave., Akron, Ohio 44303 as expert witnesses in this matter.
"Affiant further sayeth naught.

"s/s James W. Childs
JAMES W. CHILDS"

We observe that attached to the affidavit document as Exhibits A, B and C are photocopies of what appear to be (A), the front side of a bank cashier's check, and (B) and (C), two pages of what appears to be a bank real estate loan closing statement.

ments identified in counsel's affidavit.[2]

Subsequently, upon motion by third-party defendant, after hearing, the trial judge entered his order reciting that appellant's counsel "has opted to be a witness in this cause as to matters of a substantive nature" and ordering that the attorney be removed instanter as counsel in the case.

Although this appeal presents for review only the matter of the removal of counsel for appellant, leaving all other aspects of the case pending in the trial court without finality, the judgment before us disqualifying counsel in this civil action is a final appealable order pursuant to R.C. 2505.02. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695, syllabus.

Appellant assigns as error the alleged abuse of discretion by the trial court in entering the order of removal.

The trial court and all counsel have relied upon the holdings of *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, as controlling the matter presented by appellee's motion to disqualify appellant's counsel in further proceedings in the cause, but have drawn from them different conclusions about their applicability to the matter at hand.

In *Mentor Lagoons, Inc.*, during the course of trial, plaintiff's counsel had himself sworn as a witness and began to testify concerning his personal knowledge of the matter in controversy. Opposing counsel moved to disqualify the testifying attorney from further representation in the case and plaintiff's counsel sought a continuance for plaintiff to obtain another attorney. Without hearing or presentation of other evidence relevant to the motion, the trial court summarily prohibited further testimony by plaintiff's counsel, denied the continuance requested and ordered that the trial proceed.

The court of appeals reversed and remanded, holding that the trial court had no authority to determine that any specific attorney conduct was unethical or to

---

2. On Page 7 of the Third–Party Plaintiff's Response to Third–Party Defendant's Motion For Summary Judgment, the first four full paragraphs are:

"In the third transaction the balance of Alycia's properties contained in the provisions of the Separation Agreement are thrown into the pot to secure Gary's indebtedness. When this transaction is completed all of Alycia's property has either been conveyed away or further encumbered all by use of the Power of Attorney and all by use of Kennedy's service.

"The same reasoning applies here as in the second transaction except that Kennedy's transgressions are even more pronounced for he received all the proceeds of the mortgage loan (Exhibit 'A' & 'B', Childs affidavit) and made distribution of the proceeds (Exhibit 'C', Childs affidavit).

"Exhibit 'C' of the Childs affidavit reveals that no part of the proceeds of the third transaction loan was paid to Alycia.

"Kennedy clearly was a full participant in wrongdoing of Gary and must be held accountable for same."

prevent potentially unethical conduct because only the Supreme Court may enforce the Code of Professional Responsibility.

Although rejecting the reasoning of the court of appeals and confirming the trial court's inherent authority to control the conduct of counsel appearing in proceedings before it, including removal of counsel to prevent an ethical violation, the Supreme Court affirmed the reversal and remand to the trial court for further proceedings.

In its opinion in *Mentor Lagoons, Inc.,* the Supreme Court, noting that as a general rule it is inappropriate for an attorney to testify as a witness for his client because in doing so he may breach ethical requirements, nevertheless held that the applicable Disciplinary Rule, DR 5–102(A), does not render the attorney incompetent to testify as a witness for his client, for the fact of his employment goes to the weight, not the competency of his testimony.

The holding in *Mentor Lagoons, Inc.* confirms the authority of a trial court to dismiss or disqualify from a case an attorney who cannot or will not comply with the Code of Professional Responsibility while representing a client. However, no rule is established requiring dismissal or disqualification of counsel in all cases in which an opponent accuses trial counsel of testifying for his client.

In the case now before us, appellee urged the trial court to apply and that court apparently attempted to apply paragraph two of the syllabus of *Mentor Lagoons, Inc.,* which is:

"When an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5–102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court *sua sponte,* may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5–102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility."

The record before us pertaining to the issue presented includes the summary judgment motion documents and memoranda filed in the trial court, the transcript of proceedings upon the trial court's hearing the motion for disqualification and removal of counsel, and the judgment entry from which the appeal is taken. Counsel have appended other documents to the briefs filed in this court as a basis for the arguments of counsel contained in those briefs and at oral argument

concerning considerations not recited in the trial court's judgment entry, but said by appellee to justify the trial court's removal of appellant's counsel.

■ Among the matter appended is a copy of an opinion of the United States Court of Appeals for the Sixth Circuit in Appeal No. 91–3138, *James W. Childs, Plaintiff–Appellant, v. Van Wert County, Ohio, et al., Defendants–Appellees* [1992 WL 67376], in which reference is made to a report filed by a special prosecutor in the Court of Common Pleas of Van Wert County, stating that, "In lieu of seeking indictments, * * * the special prosecutor had reached agreements under which Mr. Childs promised not to engage in the active practice of law in Ohio * * *." Neither this nor the other document copies appended to the appellee's and appellant's briefs, nor the arguments of counsel to which the documents pertain were made a part of the record in the trial court, are not properly before us, therefore, and may not be considered by us. *Paulin v. Midland Mut. Life Ins. Co.* (1974), 37 Ohio St.2d 109, 66 O.O.2d 231, 307 N.E.2d 908. We may not and do not speculate about the identity of the parties to the federal appeal to which counsel refer and in the absence of the contrary shown affirmatively by the record, presume the trial court considered no information acquired from sources outside the record. Nothing in the record before us reveals or implies any consideration of the trial judge influencing the decision to remove counsel for other than the reasons stated in that court's judgment entry.

■ Because counsel have referred to the subject of a licensed attorney's agreement to forgo his right to practice law generally, though not pertinent to our decision herein, we note in passing that while a trial judge's obligations include general oversight of the conduct of counsel appearing before the court, and permit the judge to impose appropriate disciplinary measures to protect the dignity or authority of the court as well as prevent a serious breach of ethics, the sole authority to grant or terminate licensure for the practice of law in this state is vested in the Supreme Court. Therefore, any action by a judge or opposing counsel concerning the authority to practice law generally by an attorney currently licensed by the Supreme Court must be confined to referral of the matter to a certified grievance committee, unauthorized practice committee of a bar association, Disciplinary Counsel, or the Board of Commissioners on Grievances and Discipline of the Supreme Court, as should all matters of unprofessional conduct or unauthorized practice of law coming to the judge's attention.[3]

Turning to the issues on appeal, we find the record discloses that at the hearing on the motion to disqualify, appellant's counsel assured the court and

---

3. The Code of Judicial Conduct, Canon 3 B(3) provides:

"(3) A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware."

opposing counsel that he had no intent to appear as a witness at trial of the cause, and had merely submitted his affidavit for procedural purposes to identify for the record matters furnished by his opponent in the course of discovery and to fulfill a court-ordered discovery obligation of his client's.

The affidavit of counsel is not the customary means anticipated by the Rules of Evidence or the Rules of Civil Procedure for laying a foundation for introduction of or for introducing documentary evidence into the record of a cause in litigation or for response to discovery orders addressed to a party in that litigation. We are not called upon to do so and therefore do not decide whether the method of introduction of evidence chosen by counsel provided a sufficient foundation for the trial court's consideration of the evidence's content in opposition to the motion for summary judgment. However, by choosing to himself identify and authenticate documents for the purpose of opposing a motion for summary judgment, counsel needlessly became a witness in his client's behalf, for introduction of the documents and other matters introduced might have been more easily and effectively accomplished by following the procedures provided by Civ.R. 30, Civ.R. 33, Civ.R. 36 or perhaps as otherwise ordered by the trial court.

While sworn statements offered in proof of a matter in litigation are testimony and the person making the statements is a witness, not all testimony by an attorney attesting in a case in which he serves as counsel justifies characterizing him as a witness for purposes of DR 5–101 and 5–102.[4]

The comments at the hearing on the motion to disqualify counsel indicate the trial judge apparently believed counsel's affidavit to incorporate in its affirmation his attached brief of law and argument as expert testimony suggesting the inferences to be drawn from the exhibits identified in that affidavit.

---

**4.** DR 5–102, which is the Disciplinary Rule for withdrawal as counsel when the lawyer becomes a witness, provides in part:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

DR 5–101(B) dictates that:

"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

We do not find the record to confirm the breadth of testimony attributed by the trial court to appellant's attorney, regardless of the claim of appellee that the inferences suggested by opposing counsel in argument misrepresent the facts and the import of the documents offered for consideration by the trial court in ruling upon the motion for summary judgment then pending.

Childs' affidavit professes first-hand knowledge only of the manner in which the attached documents came into the affiant's possession, not of the substantive matters in issue to which those exhibits, to the extent they have value as evidence, may refer or relate. Childs' affirmation does not incorporate the inferences or conclusions of fact that counsel urges to be drawn from the exhibits and which he presents only in his argument contained in the brief to which the affidavit is appended. Thus, it may be seen that the actual testimony of appellant's attorney presents no substantive evidence on the merits of the claims in suit and is of doubtful value as probative evidence in any event. See DR 5–101(B)(1) and (2).

■ Counsel present briefs of law and argument to the courts when appropriate to seek or oppose judgment in advocacy of their clients' interests. The arguments of counsel in the role of advocate, whether presented at trial or in a pretrial or a post-trial writing, are not evidence and the lawyers in making those arguments are not witnesses.

■ A lawyer, by merely identifying expert witnesses hired to testify in behalf of his client, does not become a witness upon the merits of his client's cause or defense.

The documents identified by counsel's affidavit in the case before us, if taken as evidence, speak for themselves, notwithstanding counsel's arguments in his brief concerning his preference of inferences to be drawn from them. Indeed, the importance of those documents and their character as evidence on the merits of the cause to be tried presumably will hinge on evidence not now before us and not offered in the trial court prior to this appeal.

■ Assuming that the trial court followed the outline of appropriate inquiry set forth in paragraph two of the syllabus of *Mentor Lagoons, Inc.* quoted above, in the circumstances, we are unable to find in the record any evidence permitting us to concur with the trial court that in the proceedings before it a violation of DR 5–102 had occurred or was about to occur requiring the removal of appellant's counsel from future advocacy in the cause. By entering an order disqualifying counsel without any basis in law for doing so shown by relevant facts in the record, the trial court has abused its discretion. Therefore, to the limited extent we have identified the thrust of appellant's assignment of error, the assignment of error is sustained.

For the reasons set forth herein, the judgment of the Court of Common Pleas of Van Wert County is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.