DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the grant of summary judgment to defendants-appellees, Marty Jan and Leslie Jan, by the Wood County Court of Common Pleas. Plaintiffs-appellants, The Williamsburg Association, George Broadright and Larry Rigel, appeal that judgment and assert the following assignments of error:
 "I. THE WOOD COUNTY COURT OF COMMON PLEAS ERRONEOUSLY GRANTED DEFENDANTS/APPELLEES, LESLIE AND MARTY JAN'S, SUMMARY JUDGMENT MOTION BY DECIDING FACTUAL MATTERS IN DISPUTE."
 "A. THE TRIAL COURT ERRONEOUSLY RULED THAT PLAINTIFFS/APPELLANTS ARE EQUITABLY ESTOPPED FROM ENFORCING THE DECLARATION OF RESTRICTIONS BECAUSE APPELLEE'S [sic] FAILED TO DEMONSTRATE AN ABSENSE [sic] OF GENUINE ISSUE OF MATERIAL FACT REGARDING THE CONDUCT OF THE ARCHITECTURAL CONTROL COMMITTEE."
 "B. THE TRIAL COURT ERRONEOUSLY RULED THAT THE RECORDED RESTRICTIONS ARE NOT ENFORCIBLE [sic] DUE TO THEIR VAGUENESS BECAUSE DEFENDANTS/APPELLEES FAILED TO DEMONSTRATE AN ABSENSE [sic] OF GENUINE ISSUE OF MATERIAL FACT REGARDING THE FACT THAT STANDARDS DO NOT EXIST."
 "II. THE TRIAL COURT ERRONEOUSLY GRANTED DEFENDANTS/APPELLEES, LESLIE AND MARTY JAN'S, MOTION FOR SUMMARY JUDGMENT BECAUSE DEFENDANTS/APPELLEE'S [sic] WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AS EVIDENCED BY THE COURT'S SUBSEQUENT ENTRY STATING THAT THE DECLARATION OF RESTRICTIONS FOR THE WILLIAMSBURG ASSOCIATION ARE VALID AND ENFORCIBLE [sic]."
Pursuant to 6th Dist.Loc.App.R. 12(B), this cause is placed on the court's regular calendar. The facts of this case are as follows.
Leslie and Marty Jan purchased property in a residential development known as Williamsburg on the River, Second and Third Extensions, in March 1997. In March 1998, the developer of the subdivision, William Wumer, approved the plans and specifications for the construction of a house on that property. In September 1998, appellees submitted plans and specifications for the completion of construction of their residence to William Wumer. The plans included a description of a split-rail fence to be erected on the property. After receiving approval from Wumer, construction of the residence, including the fence, was completed.
Subsequently, appellants instituted this declaratory judgment action asking the trial court to enforce a consent provision in the Declaration of Restrictions for the subdivision. Pursuant to the Declaration of Restrictions, Section 2.1, written approval of the Architectural Control Committee ("Committee") is required prior to the construction of any structure, including a fence. The Committee consists of the developer, William Wumer, and two other resident owners designated as Committee members by the developer. Declaration of Restrictions, Section 2.13. Approval must be granted in writing. Id. Declaration of Restrictions, Section 2.14 reads: "Determinations by the Architectural Control Committee shall be made by the Developer and by a majority of the members present at any meeting if the Developer shall expand the Architectural Control Committee." The parties agree that this sentence means that approval of planned structures must be by a majority vote of the three member Committee.
In addition to their request for a declaratory judgment, appellants raised a breach of fiduciary duty claim against William Wumer, alleging that the developer and Sharon Wumer wrongfully authorized the erection of the fence on appellees' property in violation of the Declaration of Restrictions. Appellees answered the complaint, asserting, among other things, the defense of estoppel. Moreover, appellees alleged a counterclaim in which they asked the court to declare that the fence was erected in accordance with the Declaration of Restrictions. The other named defendants, William Wumer and Sharon Wumer, also answered the complaint.
Appellees filed a motion for summary judgment arguing that the restrictive covenant requiring property owners in Williamsburg on the River to obtain prior approval of the Committee for the construction of "structures" was unenforceable. Appellees urged that the Declaration of Restrictions was too vague and contained no guidelines for those seeking approval from the Committee. In the alternative, appellees contended that appellant was estopped from maintaining that the erection of a fence required written prior approval by a majority of the committee. Appellees claimed that the undisputed facts showed that each member of the Committee made unilateral, and often verbal, decisions pertaining to the construction of structures; therefore, appellants were estopped from arguing that Wumer's approval of their fence violated the Declaration of Restrictions.
In granting summary judgment to appellees, the common pleas court held that the Committee has never been a formal committee and that unilateral decisions concerning the construction of structures had, in the past, been made by only one of the members of the Committee. Therefore, the court concluded that appellants were equitably estopped from enforcing the Declaration of Restrictions. Furthermore, the court found that the restrictive covenant requiring prior approval of the construction of structures or improvements did not contain specific standards or guidelines for approval and was, consequently, unenforceable.
We shall first address appellants' second assignment of error. In that assignment, appellants assert that a genuine issue of material fact of fact exists on the question of whether the restrictive covenant requiring prior approval of construction of structures or improvements on property located in Williamsburg on the River, Second and Third Extensions, is valid and enforceable due to a purported consent judgment entry filed after the date of the judgment appealed from. Appellants appended a copy of this entry to their brief.
The trial court granted summary judgment in this case on October 6, 2000; judgment was journalized on October 10, 2000. The judgment contains the requisite Civ.R. 54(B) language necessary to render it immediately final and appealable. Ostensibly, the subsequent consent judgment entry, file-stamped November 29, 2000, settled the dispute between appellants and the remaining defendants, William Wumer and Sharon Wumer.
Pursuant to App.R. 12(A)(1)(b), this Court determines an appeal on its merits based upon only the following information: the assignments of error set forth in the appellate briefs, the record on appeal, and, unless waived, oral argument. A "* * * Court of Appeals is bound by the record before it and may not consider facts extraneous thereto." Paulinv. Midland Mut. Life Ins. Co. (1974), 37 Ohio St.2d 109, 112. In short, "[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, we can neither consider the consent judgment entry nor decide this appeal on the basis of that entry. For this reason, we find appellants' second assignment of error not well-taken.
Appellants' first assignment of error deals with both legal bases used by the trial court to support the grant of appellees' motion for summary judgment. Our review of that judgment is de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Therefore, appellees can prevail on their motion for summary judgment only if: (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Civ.R. 56(C); Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
Appellants initially contend that the trial court erred in granting summary judgment to appellees on the basis of equitable estoppel because questions of fact exist on the issue of reliance.
In Culp v. Marshall Melhorn (1999), 133 Ohio App.3d 814, 819, this court held:
 "Estoppel occurs when a person by act, representations, or by silence when he ought to speak out, intentionally or negligently induces another to believe that certain facts exist and the other justifiably relies and acts on that belief to his prejudice. * * * `Equitable estoppel prevents a party from exercising rights which he might otherwise have had against one who has in good faith relied upon the conduct of that party.' Apponi v. Sunshine Biscuits, Inc. (C.A.6, 1981), 652 F.2d 643, 650 n. 8."
The record of this case reveals that William Wumer designated George Broadright and Larry Rigel as the other two members of the Committee at some point at least ten years prior to the dispute giving rise to this appeal. Nevertheless, the Committee members did not act in conformance with the Declaration of Restrictions, Section 2.1. It is undisputed that Wumer or Broadright or Broadright in conjunction with Rigel made unilateral decisions relative to approval of "structures" or "improvements," including fences. Sometimes this approval was in writing; sometimes, it was not.
While there is some evidence that Wumer abdicated any responsibility for approval of "structures" and "improvements" after construction of a home was completed, he did take sole responsibility for approval of the same during construction. Any subsequent request for prior approval of a structure or improvement was dealt with by George Broadright or George Broadright and Larry Rigel. There is no dispute as to the fact that appellees requested approval for the erection of the fence during the construction of their residence, and that William Wumer approved their request. Furthermore, in their affidavits in support of their motion for summary judgment, appellees state that, prior to the purchase of the property in Williamsburg on the River, Wumer assured them that a split-rail fence would be no "problem."
Nevertheless, the Jans' September 1998 application for approval of roof, siding and trim colors for their new home, for landscaping plans and for the erection of a split-rail fence is addressed to "Mr. Wumer and Architectural Control Committee." The application indicates that it was submitted to William Wumer because he was personally involved in the sale of the lot in Williamsburg on the River to appellees. Nevertheless, it further states: "Please forward it [the application] to the `Architectural Approval [sic] Committee' for approval per our earlier discussions below." A recitation of those discussions at the close of the application reveals that appellees believed that William Wumer promised that, if they purchased the lot, they could have a spit-rail fence on their new property.
Moreover, appellants filed the affidavits of Jan D. Castanza, President of the Williamsburg Association, and Alex Molnar, a member of the Board of Trustees of the Williamsburg Association. In his affidavit, Castanza avers that he advised the Jans that they must get approval from the Committee prior to erecting the fence and to contact George Broadright. In his affidavit, Molnar swears that he told Leslie Jan not to erect a fence on her property without approval of the Committee and to speak with George Broadright regarding the fence. Both affiants maintain that, prior to the erection of the fence, appellees were told that the board's policy was not to permit the erection of fences in Williamsburg on the River, Second and Third Extensions and that the board had a policy of enforcing the Declaration of Restrictions.
Based on this evidence, we cannot find that no genuine issue of material fact as to the element of justifiable reliance exists on appellees' estoppel claim. Even though the conduct of the members of the Committee may have misled appellees into believing that William Wumer was authorized to approve their plans for a fence, appellees' own application for approval, indicating knowledge that the Committee must grant that approval, creates, at the very least, a question of fact on the element of justifiable reliance on a belief that Wumer alone could approve the construction of their fence. In addition, the affidavits of Castanza and Molnar also create a question of fact on this issue. Accordingly, appellants' first argument has merit, and the common pleas court could not predicate its grant of summary judgment on equitable estoppel. Because, however, we find the trial court properly granted summary judgment to appellees based upon the unenforcability of the consent restriction, this initial conclusion is of no avail to appellants.
Restrictive covenants that require consent before construction are valid and enforceable as long as there is a general building plan in effect and the landowner has notice of the plan. Carranor Woods PropertyOwners' Assn. v. Driscoll (1957), 106 Ohio App. 95, 99. The general building plan may be written or it may be evident de facto from the appearance of the subdivision. Prestwick Landowners' Assn. v. Underhill
(1980), 69 Ohio App.2d 45, 49; Dunkirk Realty, Inc. v. Collette (Apr. 30, 1999), Wood App. No. WD-98-070, unreported. However, restrictions on the use of property are generally disfavored and are to be strictly construed. Driscoll v. Austintown Associates(1975), 42 Ohio St.2d 263,277. Thus, when restrictions are unclear and therefore "susceptible to being exercised in an arbitrary, capricious, and unreasonable manner," they are invalid and unenforceable." O'Neil v. Atwell (1991),73 Ohio App.3d 631, 671.
Declaration of Restrictions, Section 2.1, provides that owners of property in Williamsburg on the River, Second and Third Extensions, must submit "plans and specifications" for all structures, including fences for prior approval by the Committee. Section 2.5 sets forth the architectural standards:
 "In requiring the submission of detailed plans and specifications, Developer intends to assure the development of Williamsburg II/III as an architecturally harmonious, artistic and desirable residential subdivision, * * *. In approving or withholding its approval of any plans or specifications, the Architectural Control Committee shall have the right to consider the suitability of the proposed * * * Structure * * *; its effect on the view and outlook from other Lots; the extent to which its location and configuration preserves the natural attributes of the Lot; and such other matters as may be deemed to be in the interest of other Lot owners."
In Prestwick, the Ninth District Court of Appeals strictly construed a restrictive covenant very similar to the one before us. That restriction provided that prior approval of an architectural committee was required for the erection of, among other things, a fence. Id. at 46. The relevant provision of the Declaration of Restrictions in that case mandated the submission of plans and specifications so that the committee could approve or disapprove said plans "as to harmony of structural design and location in relation to surrounding structures and topography." Id. at 49. The Prestwick court found that this restriction did not contain sufficient guidelines to give notice to a lot owner as to the kind of fence that would qualify for approval. Id.
While the language of the consent restriction in the present case is not identical to the language in the Prestwick restriction, it addresses the same specifications that are geared to a general standard of "harmony." Therefore, the written restriction in this case provides an insufficient standard for approving or rejecting plans for fences, thereby allowing the Committee to exercise its authority in an arbitrary, capricious and unreasonable manner. From the evidence offered as to the Board of Trustee's policy on this matter, it would appear that any plans for a fence in the Second and Third Extensions would be arbitrarily rejected.
Additionally, the appearance of Williamsburg on the River, Second and Third Extensions, did not give appellees notice of a de facto plan that precluded the erection of fences. From the evidence offered, it appears that the Second Extension was in the fairly early stage of development and that, at that point in time, the Third Extension was not developed. However, the evidence presented did demonstrate that there were many fences in Williamsburg on the River, First Extension, and that several, if not most, of these fences, were split-rail fences. Consequently, the appearance of the developed portion of Williamsburg on the River gave appellees de facto notice of a general plan that did include fences. Accordingly, reasonable minds could only conclude that the consent restriction for Williamsburg on the River, Second and Third Extensions, is invalid and unenforceable. Therefore, the trial court did not err in granting appellees' motion for summary judgment.
Appellant's sole assignment of error is found well-taken, in part, and not well-taken, in part. That portion of the trial court's judgment granting appellees' motion for summary judgment on the basis of equitable estoppel is reversed. Nonetheless, the grant of summary judgment to appellees by the Wood County Court of Common Pleas on the basis of the unenforcability of the consent restriction is affirmed. Appellants are ordered to pay the costs of this appeal.
 _____________________ RESNICK, M.L., J.
 James R. Sherck, J., Mark L. Pietrykowski, P.J. CONCUR.