OPINION
{¶ 1} Plaintiff-appellant Michael W. Stuber ("Stuber") brings this appeal from the judgment of the Court of Common Pleas of Allen County in favor of defendants-appellants William and Margo Baker ("the Bakers"), the Fraternal Order of Orioles Nest #173 ("the Orioles"), and the Fraternal order of Orioles, Nest #173 Ladies Auxiliary ("the Auxiliary").
 {¶ 2} On May 26, 2001, Stuber was walking in the warehouse area of Blue Star Trading Post, owned by the Bakers, when he fell down an open stairway into the basement. Stuber allegedly suffered injuries as a result of his fall. At the time, the building was leased by the Bakers from the Orioles on an oral month-to-month commercial lease. This lease had been in effect for approximately nine years prior to the accident. At no time did the Bakers give notice to the Orioles concerning any hazardous conditions on the premises. The Auxiliary has never had any ownership interest in the premises.
 {¶ 3} On May 23, 2003, Stuber filed a complaint against the above defendants. William Baker sent a letter to the court denying the claims in the complaint on June 12, 2003. The Orioles and the Auxiliary filed their answers on June 16, 2003. Margo Baker did not submit anything to the court. On October 10, 2003, Stuber filed a motion for default judgment against Margo Baker. This motion was granted as to liability on October 21, 2003. On October 28, 2003, Stuber filed a motion for default judgment against William Baker. The trial court overruled this motion on October 31, 2003, finding that William Baker had made a basic appearance in the case. However, on January 13, 2004, the trial court granted default judgment against William Baker as to liability after he failed to comply with proof of service requirements and failed to attend a pretrial conference.
 {¶ 4} On May 3, 2004, the Orioles and the Auxiliary moved for summary judgment claiming that the Auxiliary had no ownership interest and that the Orioles were landlords out of possession. Stuber filed his response on June 2, 2004. On June 14, 2004, the trial court granted the motion for summary judgment. The order, however, was not a final order as it did not contain the required language under Civ.R. 54(B). On July 23, 2004, Stuber filed a Civ.R. 60(B) motion for relief from summary judgment.
 {¶ 5} On July 28, 2004, a hearing was held to determine the damages resulting from the Baker's liability. Stuber chose not to testify as a witness and did not make statements under oath. He attempted to present proof of his damages by submitting copies of hospital bills and stating what his damages were. The admission of the hospital bills was denied due to lack of foundation. The trial court then ruled that there was no proof of damages and dismissed the case. On August 27, 2004, Stuber filed his notice of appeal. Stuber raises the following assignments of error on appeal.
The trial court erred as a matter of law and abused its discretion bydismissing [the Orioles] on the bogus claim of common law jurisdictionand unconstitutional precedents.
 The trial court erred as a matter of law and abused its discretion whenit allowed counsel for dismissed defendants to participate in asubsequent hearing.
 The trial court erred as a matter of law and abused its discretion bydepriving [Stuber] of meaningful hearings at a meaningful time and in ameaningful manner, in violation of the Fourteenth Amendment of theConstitution of the United States.
 The trial court erred as a matter of law and abused its discretion bydepriving [Stuber] an award of damages contrary to the manifest weight ofthe evidence.
 {¶ 6} In the first assignment of error, Stuber claims that the trial court erroneously granted summary judgment to the Orioles and the Auxiliary. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 7} As to the Auxiliary, the undisputed evidence is that the Auxiliary has no ownership interest in the premises. Stuber claims that the Auxiliary has an interest merely because it receives some of the rental funds. The fact that the owner, the Orioles, chose to give some of the funds received from rent to the Auxiliary does not give the Auxiliary an ownership interest. Thus, the trial court did not err in granting summary judgment to the Auxiliary.
 {¶ 8} The trial court also granted summary judgment to the Orioles on the theory that it is a landlord out of possession. Commercial lessors are ordinarily not liable for damages resulting from the condition of leased premises unless they retain possession and control over the premises. Fredrickson v. Kobb Tennis Academy, Inc., 9th Dist. No. 02CA008016, 2002-Ohio-4861. "The lessor who does not retain the right to admit or exclude others from the premises has generally not reserved the degree of possession or control necessary to impose liability for the condition of the premises." Pever v. Meijer Properties, Inc. (Dec. 23, 1993), Hancock App. No. 5-92-43, 5-92-44, unreported (citing Hendrix v.Eight Walnut Corp. (1982), 1 Ohio St.3d 205, 438 N.E.2d 1149).
 {¶ 9} Here, Stuber argues that the Orioles is liable for his injuries because they owned the premises. Stuber cites R.C. 5321.04 as the statute that controls the obligations of a landlord. However, R.C. 5321.01
defines a landlord as used in that chapter as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." R.C. 5231.01(B). Thus, R.C. 5321.04 does not apply to commercial landlords. Haynes v. Mussawir, 10th Dist. Nos. 04AP-110, 04AP-117, 2005-Ohio-2428. The undisputed evidence is that the Orioles were a commercial landlord out of possession. The Orioles had no right to control who entered the premises. Therefore, the Orioles no longer had the necessary control over the premises to establish liability. The trial court did not err in granting summary judgment to the Orioles. The first assignment of error is overruled.
 {¶ 10} The second assignment of error alleges that the trial court erred by allowing counsel for the Orioles and the Auxiliary to participate in the hearing on the proof of damages. Stuber argues that since the trial court had dismissed the Orioles and the Auxiliary, they should not have been permitted to participate in the hearing.
When more than one claim for relief is presented in an action whetheras a claim, counterclaim, cross-claim, or third-party claim, and whetherarising out of the same or separate transactions, or when multipleparties are involved, the court may enter final judgment as to one or morebut fewer than all of the claims or parties only upon an expressdetermination that there is no just reason for delay, any order or otherform of decision, however designated, which adjudicates fewer than allthe parties, shall not terminate the action as to any of the claims orparties, and the order or other form of decision is subject to revision atany time before the entry of judgment adjudicating all the claims and therights and liabilities of all the parties.
Civ.R. 54(B).
 {¶ 11} In this case, the complaint alleged one claim for relief based on the theory of negligence. However, the complaint was raised against multiple parties. The Bakers were found to be liable for the injuries due to default judgments. The issue of damages still remained for hearing. The Orioles and the Auxiliary were both granted summary judgment. The order for summary judgment did not state, however, that there was no just reason for delay. Thus, the order was not final and was subject to revision at any time. Additionally, Stuber had filed a motion for relief from judgment on the summary judgment ruling, which had not been ruled upon. Given these facts, the Orioles and the Auxiliary had no final judgment dismissing them from the case. Therefore, the trial court did not err in allowing these parties to participate in the proof of damages hearing. The second assignment of error is overruled.
 {¶ 12} Stuber combines the arguments for his third and fourth assignments of error. In his argument, Stuber alleges that the trial court was biased against him and denied him the award of damages. First Stuber seems to argue that since he was awarded default judgment against the Bakers, he should have automatically received the relief requested in the complaint. When a party fails to contest the allegations raised in the complaint, he or she has in effect admitted liability. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Ass'n (1986),28 Ohio St.3d 118, 502 N.E.2d 599. "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." Civ.R. 55(A).
 {¶ 13} Stuber did not attach any evidence to his complaint which would establish the amount of damages. Instead, Stuber relies upon unsworn statements that he was injured, that he had expenses, and that he will have future expenses. Stuber then requests general damages of $14,000 without stating the basis for that amount. At the hearing, Stuber chose not to testify for himself and then proceeded to present three medical bills: one from St. Rita's medical center for $1,068.20, one from the attending physician for $210.00, and one from Lima Radiological Association for $236.00. Then Stuber stated that he had lost potential income of $10,400. However, statements from non-sworn parties are not considered to be evidence. Additionally, for the medical bills to be admissible, they must be authenticated. No evidence was presented that would authenticate them, so the bills were not admissible. Without any other evidence, the trial court lacked any evidence from which to make an award of damages. Therefore, the trial court did not err in denying an award of damages.
 {¶ 14} Stuber alleges the trial court was biased against him. However, it is not claimed that an affidavit alleging prejudice of the trial judge was filed with the Chief Justice of Ohio according to the rules and the record before us contains no order of the Chief Justice ordering recusal of the trial judge.
 {¶ 15} To support his claim of bias, Stuber has attached to his appellate brief a document purporting to be a copy of a partial transcription of a proceeding in a different case involving parties unrelated to this appeal and not made a part of the record of the proceedings below. A court of appeals may not consider on appeal any evidence not presented or proffered in the trial court and thereby made a part of the record on appeal. Materials attached to an appellate brief that are not a part of the record made in the trial court must therefore be disregarded on appeal. Paulin v. Midland Mut. Life Ins. Co. (1974),37 Ohio St.2d 109, 307 N.E.2d 908. As we noted in similar circumstances in Bank One Lima, N.A. v. Altenburger (1992), 84 Ohio App.3d 250,616 N.E.2d 954, neither this document appended to the appellant's brief nor the arguments of counsel to which the document pertains were made a part of the record in the trial court, are not properly before us, therefore, and may not be considered by us.
 {¶ 16} Furthermore, even if we might properly consider the extraneous matter offered, there is no indication that any arguably improper reference in it applies to appellant, and his opinion stated in oral argument here on appeal does not make it so. The third and fourth assignments of error are overruled.
 {¶ 17} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.