[Cite as *Schweizer v. Myers*, 2013-Ohio-3283.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

RAYMOND L. SCHWEIZER

       Plaintiff-Appellant

v.

PATRICIA MYERS

       Defendant-Appellee


Appellate Case No.    2012-CA-9

Trial Court Case No.   2012-CV-001-876

(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

RAYMOND L. SCHWEIZER, 4100 South A Street, Apt. 214, Richmond, Indiana 47374
     Plaintiff-Appellant-*pro se*

PATRICIA MYERS, 6682 Daly Road, Greenville, Ohio 45331
     Defendant-Appellee-*pro se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} This appeal arises from a civil, small claims case filed in Darke County Municipal Court by Plaintiff-Appellant, Raymond L. Schweizer, against his ex-girlfriend, Defendant-Appellee, Patricia Myers. Schweizer and Myers had been living together in Myers's home in Greenville, Ohio, for approximately one year, until their relationship ended on August 14, 2012. The relationship ended after a domestic dispute that resulted in Schweizer injuring Myers's finger. After the dispute, Myers instructed Schweizer to move out of her home, and she only permitted Schweizer to take some of his personal belongings with him. Schweizer estimates that Myers kept and/or sold $2,500 worth of his furniture and personal belongings.

{¶ 2} On September 4, 2012, Schweizer filed a complaint against Myers, alleging that she owed him $2,500 for his personal property. On October 1, 2012, Myers filed a counterclaim alleging that Schweizer owed her $3,000 for medical bills, living expenses, vacation expenses, and electricity bills. The case proceeded to a bench trial on October 24, 2012, where both parties testified and submitted financial records for review.

{¶ 3} In support of her counterclaim, Myers testified that she incurred $1,100 in medical expenses due to Schweizer injuring her finger. Schweizer testified that he did not injure Myers's finger; however, he admitted to moving her finger away with his hand during an argument.

{¶ 4} Myers also testified that Schweizer failed to pay his share of their living expenses, which, according to Myers, was $750 per month. Myers claimed, and Schweizer admitted, that he did not pay anything for four months, which caused Myers a $3,000 loss. Myers also claimed, and Schweizer admitted, that he only paid $500 for the remaining eight months they lived together. This is an additional $2,000 loss, which makes Myers's total loss

for unpaid living expenses, $5,000.

{¶ 5}     Myers further testified that she paid $888 in electricity bills on Schweizer's behalf for a home he owned in Indiana.   Schweizer claimed that he had paid the electricity bills for his house in Indiana; however, the record indicates that Myers presented bank records at trial showing that she had paid the electricity bills online.

{¶ 6}     Finally, Myers testified that Schweizer failed to pay his half of their $960 vacation.   Schweizer admitted that he owed Myers some money for their vacation, but Myers credited Schweizer with paying for two hotel rooms.   She also credited him with giving her $400 to retain a divorce attorney.   Myers noted that her claimed damages are over $3,000, but that she is only demanding $3,000 due to the jurisdictional monetary limit of small claims court.

{¶ 7}     After hearing the trial testimony and reviewing the documentation provided by each party, the trial court found that Schweizer owed Myers approximately $6,000.   Based on this finding, the court awarded Schweizer $0 and awarded Myers $3,000, plus interest and costs. Schweizer appeals from the trial court's decision.

## Assignment of Error

{¶ 8}     Schweizer did not set forth specific assignments of error in his appellate brief as required by App.R. 16(A)(3).   The failure to set forth specific assignments of error is grounds for dismissal.  *State v. Peoples*,  2d Dist. Miami No. 2005 CA 20, 2006-Ohio-4162, ¶ 24. Schweizer is proceeding pro se, but " '[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' " *Preston v. Shutway*, 2013–Ohio–185, 986 N.E.2d 584, ¶ 12 (2d Dist.), quoting *Yocum v. Means*,

2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. (Other citation omitted.) In the interest of justice, we will review the merits of Schweizer's appeal despite his error.

{¶ 9} Based on his brief, we presume that Schweizer assigns error to the trial court's judgment awarding him $0 and Myers $3,000. "A reviewing court will not disturb a trial court's assessment of damages without an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive or inadequate. * * * Otherwise, the assessment of damages is thoroughly within the province of the trial court." *Lynda Hughes Dawson Lumber, Inc. v. Hummel*, 2d Dist. Darke No. 09-CA-07, 2010-Ohio-4918, ¶ 26, citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 655, 635 N.E.2d 331 (1994).

{¶ 10} In disputing the judgment award, Schweizer argues that he did not agree to pay half of Myers's living expenses, and that Myers did not sufficiently prove what her living expenses were. "As the fact finder, the trial court was entitled to evaluate the credibility of the witnesses and weigh the evidence presented." *Id*. Here, the trial court appropriately relied on Myers's testimony regarding the amount of her living expenses. While Schweizer testified that he did not remember making arrangements to pay half of the living expenses, the trial court was not required to find his testimony credible. The trial court instead relied on Myers's testimony claiming that Schweizer was supposed to pay $750 per month.

{¶ 11} Schweizer also argues that the trial judge was biased, but he does not explain the nature of the bias, nor does he point to examples in the record where bias occurred. We have reviewed the record and have confirmed that Schweizer's bias argument has no merit. The remainder of Schweizer's brief consists of information that is outside the record. It is well established that a court of appeals may not consider information that is outside the record.

*Pauline v. Midland Mut. Life Ins.* Co., 37 Ohio St.2d 109, 112, 307 N.E.2d 908 (1974).

{¶ 12} The facts in the record establish that Schweizer owes Myers approximately $6,000, and that Myers kept Schweizer's property because of this debt. If we assume that the property in Myers's possession was worth $2,500, Schweizer would still owe Myers $3,500. For this reason, and due to the jurisdictional monetary limit in small claims court, trial court's judgment awarding Myers $3000 and Schweizer $0 was not prejudicial, and was not excessive or inadequate.

{¶ 13} Schweizer's presumed assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Raymond L. Schweizer
Patricia Myers
Hon. Julie L. Monnin