[Cite as *Boardman Twp. v. Terlecky*, 2020-Ohio-3612.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

BOARDMAN TOWNSHIP,

Plaintiff-Appellant,

v.

KATHLEEN TERLECKY,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0091**

---

Civil Appeal from the
Mahoning County Court No. 2, Mahoning County, Ohio
Case No. 2018 CVH 1133

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Matthew Vansuch,* Brouse McDowell LPA, 6550 Seville Drive, Suite B, Canfield, Ohio 44406, for Plaintiff-Appellant and

Kathleen Terlecky, Defendant-Appellee. (No Brief Filed)

Dated: June 30, 2020

**D'Apolito, J.**

{¶1} Appellant, Boardman Township, appeals from the July 18, 2019 judgment of the Mahoning County Court No. 2 finding that Appellee, Kathleen Terlecky, a citizen of Boardman Township, is not in violation of Boardman Home Rule Resolution ("HRR") 99-02, Section 3, (C)(4), (7), and/or (D)(1), following a bench trial. On appeal, Appellant asserts the trial court erred as a matter of law in finding that Appellee did not violate HRR 99-02, Section 3, (C)(4) and that its decision is against the manifest weight of the evidence. For the reasons stated, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Beginning in May 2018, 12 field inspections were conducted and photographs were taken of Appellee's residence, 4020 Shelby Road, Boardman Township, Mahoning County, Ohio 44511. Three letters were sent to Appellee indicating HRR 99-02, Section 3, (C)(4), (7), (11), and (D)(1) violations.

{¶3} On October 25, 2018, Appellant filed a civil citation against Appellee pursuant to R.C. Chapter 504 alleging that she committed the following three violations under HRR 99-02, Section 3: (C)(4), weeds; (C)(7), general exterior maintenance; and (D)(1), accumulation of rubbish or garbage. The penalty for a first-time violation is a $250 fine.

{¶4} A bench trial was held on December 11, 2018.[1]

{¶5} Appellee testified that her homebound son "lives for his horticulture, his gardening." (12/11/2018 Bench Trial T.p. 12). Appellee indicated she has been in a "constant battle" with Appellant regarding her outdoor garden areas. (*Id.* at 13). Appellee said, "We don't have Canada thistles in the back yard. But I'm sure that some of these other things are weeds, or considered weeds." (*Id.*) It was represented by Appellee, however, that Canada thistle is growing in her front yard. (*Id.* at 10). It is Appellee's position that any weeds are contained in a "cultivated area." (*Id.* at 11*).* Appellee stated

---

[1] Appellee appeared pro se. Both sides submitted photographs of Appellee's yard.

Case No. 19 MA 0091

she desires a court ruling on whether or not she and her son are cultivating something that is considered by Appellant to be a noxious weed in violation of HRR 99-02, Section 3, (C)(4). (*Id.* at 13).

{¶6} Appellant's counsel mentioned Canada thistle being grown in Appellee's front yard, contained within two specific areas. One of the areas is surrounded by a small fence. The other area is surrounded by bricks/rocks. (*Id.* at 10). He stressed that although HRR 99-02 does not prohibit Canada thistle or define it as a noxious weed, the Ohio Administrative Code, Section 901:5-37-01(F), does. (*Id.* at 11). Appellant seeks clarity as to whether a noxious weed may be cultivated in Appellee's front yard. (*Id.*) Appellant's counsel indicated Appellant would "just like some prospective guidance going [forward] as to what will be or will not be permitted," basically regarding "thistle and cultivation issues." (*Id.* at 17-18).

{¶7} On July 18, 2019, the trial court specifically found the following: the plants and vegetation located within the bricks and small fence do not violate HRR 99-02, Section 3, (C)(4); the court found no evidence of an accumulation of rubbish or garbage on the premises; and the court found the general exterior maintenance of the home appears to be in good condition and any de minimus violations, such as minor peeled paint or sticks on the roof, are not violations of HRR. Thus, the court concluded that Appellee is not in violation of HRR 99-02, Section 3, (C)(4), (7), and/or (D)(1).

{¶8} Appellant filed a timely appeal and raises two assignments of error.[2]

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLEE WAS NOT IN VIOLATION OF BOARDMAN TOWNSHIP HRR 99-02(C)(4).**

## ASSIGNMENT OF ERROR NO. 2

---

[2] Appellee did not file a brief.

Case No. 19 MA 0091

**THE TRIAL COURT'S FINDING THAT APPELLEE WAS NOT IN VIOLATION OF BOARDMAN TOWNSHIP HOME RULE RESOLUTION 99-02(C)(4) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶9}** In its brief, Appellant sets forth both assignments of error in a combined fashion. Thus, for ease of discussion and because Appellant's assignments are interrelated, we will address them together.

**{¶10}** Appellant argues the trial court erred as a matter of law in finding that Appellee is not in violation of HRR 99-02, Section 3, (C)(4), pursuant to R.C. Chapter 504. Statutory interpretation is a question of law to be reviewed de novo. *Richmond Mills, Inc. v. Ferraro*, 7th Dist. Jefferson No. 18 JE 0015, 2019-Ohio-5249, ¶ 29. Appellant also argues the trial court's finding is against the manifest weight of the evidence.

> The manifest weight standard in a civil case is the same as it is in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. The Supreme Court has explained:

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [finder of fact] that the party having the burden of proof will be entitled to their [judgment], if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."

> (Emphasis sic.) *Id.* at ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

> When conducting a manifest weight review, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that

Case No. 19 MA 0091

the [judgment] must be reversed and a new trial ordered. *Eastley* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984), fn. 3.

*KB Resources, LLC v. Patriot Energy Partners, LLC*, 7th Dist. Columbiana No. 17 CO 0002, 2018-Ohio-2771, ¶ 60-61.

{¶11} Pursuant to R.C. Chapter 504, Appellant is a limited home rule township. *Hiznay v. Boardman Twp.*, 7th Dist. Mahoning No. 15 MA 0122, 2017-Ohio-1212, ¶ 12. Appellant adopted an exterior property maintenance code, codified as HRR 99-02, for the citizens of Boardman Township. In order to serve the best interest of the community, HRR 99-02 deals with various quality of life issues.

{¶12} "[T]he words in a statute or ordinance must be given their ordinary meaning and must be construed, 'according to the rules of grammar and common usage.' *Petro v. N. Coast Villas Ltd.* (2000), 136 Ohio App.3d 93, 97, 735 N.E.2d 985, citing R.C. § 1.42." *Ryncarz v. Powhatan Point*, 7th Dist. Belmont No. 04 BE 33, 2005-Ohio-2956, ¶ 18.

{¶13} The record reveals that Appellee was cited for several violations of HRR 99-02, Section 3. In its brief, Appellant indicates that it based its citation, inter alia, on the following: (1) a cluster of Canada thistle surrounded by stones in Appellee's front yard which she contends are a "cultivated garden"; (2) excessive vegetation and weeds in Appellee's backyard behind a small fence which she testified were not Canada thistle; and (3) the condition of the grass areas outside of the front yard cultivated garden area. (10/16/2019 Appellant's Brief p. 2).

{¶14} HRR 99-02, Section 3, commences with general requirements/responsibilities by stating:

SECTION 3: EXTERIOR PROPERTY MAINTENANCE

A. GENERAL REQUIREMENTS

* * *

Case No. 19 MA 0091

2. RESPONSIBILITY: The owner of the premises shall maintain the structures and exterior property in compliance with this Home Rule Resolution[.]

HRR 99-02, Section 3, (A)(2).

{¶15} Following the bench trial, the court concluded that Appellee is not in violation of HRR 99-02, Section 3, (C)(4), (7), and/or (D)(1).  On appeal, Appellant only takes issue with (C)(4), which states:

C. EXTERIOR PROPERTY AREAS

* * *

4. WEEDS: All premises and exterior property shall be maintained free from weeds or plant growth in excess of 10 inches (254 mm). All noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. On all lots that have been cleared for development within a platted subdivision, all premises and exterior property shall be maintained free from weeds in excess of ten inches.

HRR 99-02, Section 3, (C)(4).

{¶16}  It is clear from HRR 99-02, Section 3, (C)(4) that "[a]ll noxious weeds shall be prohibited."  As pointed out by Appellant, HRR 99-02 does not define what constitutes "noxious weeds."  However, Appellant stresses that the Ohio Administrative Code does. It specifically states: "The following plants are hereby designated "prohibited noxious weeds: * * * (F) Canada thistle (Cirsium arvense)."  Ohio Adm.Code 901:5-37-01(F).

{¶17}  Contrary to Appellant's position, the civil citation here filed against Appellee alleges violations under HRR 99-02, Section 3, (C)(4), (7), and (D)(1).  Nowhere within the instant citation does Appellant maintain that Appellee is in violation under the Ohio Administrative Code.  *See, e.g., Green v. Helms*, 9th Dist. Summit No. 26371, 2013-Ohio-2075, ¶ 20.

Case No. 19 MA 0091

{¶18} At the bench trial, it was represented by both Appellant's counsel and Appellee that Canada thistle is growing in Appellee's front yard. (12/11/2018 Bench Trial T.p. 10). Nevertheless, it is Appellee's position that any weeds are contained in a "cultivated area." (*Id.* at 11). The "cultivated flowers and gardens" exception under HRR 99-02, Section 3, (C)(4) applies to "weeds." Even Appellant's counsel acknowledged that the weeds at issue being grown in Appellee's front yard are contained within two specific areas, i.e., one surrounded by a small fence and the other surrounded by bricks/rocks.

{¶19} As stated, HRR 99-02, Section 3, (A)(2) provides in pertinent part: "The owner of the premises shall maintain the structures and exterior property in compliance with *this Home Rule Resolution*[.]" (Emphasis added.) This court stresses that HRR 99-02 does not reference and incorporate the Ohio Administrative Code. Thus, based on the facts presented in this case, Appellee, a citizen of Boardman Township, is subject to the requirements/responsibilities of HRR 99-02, was issued a civil citation alleging violations under HRR 99-02, and is not required to look elsewhere, beyond the parameters of HRR 99-02.

{¶20} Accordingly, the trial court did not err as a matter of law in finding that Appellee is not in violation of HRR 99-02, Section 3, (C)(4). After reviewing the record and considering the evidence and reasonable inferences therefrom, we also conclude that the evidence supports the trial court's decision.

{¶21} Appellant's first and second assignments of error are without merit.

## CONCLUSION

{¶22} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court No. 2 finding that Appellee is not in violation of HRR 99-02, Section 3, (C)(4), (7), and/or (D)(1), following a bench trial, is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 MA 0091

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Mahoning County Court No. 2, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**